GALIP, PLAINTIFF AND APPELLEE, *v.* DRAG, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Divorce.

No. 2217.—Decided July 29, 1920.

DIVORCE—CRUEL TREATMENT AND GRAVE INJURY—INTENT.—The evidence produced herein having been examined, the Supreme Court concluded that the trial court went too far in considering the gravity of the injuries inflicted upon the husband by the wife, and held that, considering all the circumstances surrounding the case, which are mentioned in the opinion, such injuries do not constitute the ''cruel treatment'' or the ''grave injuries'' which, according to the law as construed by the courts, are grounds for divorce.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for divorce. Cruel treatment and grave injuries are the alleged causes. The husband is the plaintiff and the defendant wife opposed the action. At the trial both parties introduced evidence and the court entered judgment for the plaintiff. The defendant appealed to this court.

The evidence for the plaintiff showed that the plaintiff and the defendant were married and had several children; that the husband had lived for more than a year apart from the wife; that on a certain day the wife abused the husband; that she and their daughter threw stones at him, and

that the daughter also threatened her father with a cross-bar. There was no evidence that the husband sustained any physical injury. Nor was there any evidence of other specific acts of battery on the part of the wife, but in answer to the question, ''What did she do to you?'' the husband replied:

''She attacks me frequently. Every time I go to the house she and her daughter attack me with stones, clubs and other things.''

From the evidence for the defendant it appeared that in fact there were quarrels between the spouses and that the husband kicked the wife and wounded her; that he took her jewelry and best clothes from the daughter and was prosecuted for abandonment of minors; that he agreed at the trial to pay a weekly sum of four dollars for the maintenance of his wife and children and thereupon the criminal action was suspended on the condition of the keeping of his agreement. When the defendant rested, according to the transcript, the plaintiff's attorney said:

''The facts which she has alleged as new matter or specifically have been presented in such form that they actually constitue a ground for divorce.''

And then the defendant answered through an interpreter:

''She says that she has always suffered patiently so as to continue living with the husband. She also says that she has always submitted so as not to be separated from her husband.''

Such is the result of the evidence. Both spouses are Arabian citizens. They have not polished educations. On the contrary, they are very coarse persons. They used to sell articles in the market-place of Mayagüez and lived in the ''Arabian quarter'' of the said city. The origin of their quarrels is not perfectly clear from the record, but a witness for the plaintiff testified that she once saw him kneeling and supplicating his wife and that she repelled him. The fact

that the daughter unconditionally took her mother's side should be taken into consideration. The husband had become a spiritualist and his wife accused him of having other women.

After a careful consideration of all the circumstances of this case we are convinced that the district court went too far in attaching a serious nature to the only specific act of battery and injury by the wife, aided by the daughter, against the husband and father. That act was evidently the result of a violent quarrel between rough people, but it does not reveal the intention of inflicting grave injury upon the plaintiff, or constitute a case of cruel treatment as defined by law and construed by jurisprudence.

This being the case, and applying the doctrine laid down by this court in the cases, among others, of *Figueroa v. Pierluisi,* 25 P. R. R. 460; *Axtmayer v. Ortiz,* 19 P. R. R. 476, and *Fernández v. Hernández,* 8 P. R. R. 229, we are of the opinion that the judgment appealed from should be reversed and the complaint dismissed.

*Reversed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf dissented.